

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2005

# USA v. Villalona

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3426

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Villalona" (2005). *2005 Decisions.* Paper 846.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/846

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3426
_____

UNITED STATES OF AMERICA

v.

EDWIN VILLALONA,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00718)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before:  NYGAARD, SMITH and FISHER, *Circuit Judges*.

(Filed July 14, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

On September 22, 2003, Appellant Edwin Villalona pleaded guilty to distribution and intent to distribute over 50 grams of cocaine base ("crack cocaine").[1] On July 28, 2004, in accordance with 21 U.S.C. § 841(b)(1)(A)(iii), the United States District Court for the District of New Jersey sentenced Villalona to the statutory mandatory minimum of 120 months imprisonment. In his timely appeal,[2] Villalona seeks a downward departure of his sentence on the basis that the statutorily imposed stricter penalties for crack cocaine versus powder cocaine are fundamentally unfair and violate his constitutional due process rights. For the reasons below, we will affirm the sentence.

Villalona knowingly and voluntarily pleaded guilty to the crack cocaine violation, which carried a statutory penalty range of 120-135 months imprisonment. Had his violation been for the exact same amount of powder cocaine, 197.99 grams, the penalty range would have been only 21-27 months imprisonment.[3] The legislature drew a distinction between crack cocaine and powder cocaine in 21 U.S.C. § 841, which utilizes

---

[1] In violation of Titles 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(1)(A)(iii), 18 U.S.C. § 2.

[2] The United States challenged the timeliness of Villalona's appeal given that it was filed one day late and Villalona did not meet the requirements of Fed. R. App. P. 4(c)(1) regarding notices of appeal from inmates confined to an institution. Our jurisdictional requirements in this regard subsequently have been satisfied based upon Villalona's February 17, 2005 declaration in compliance with 28 U.S.C. § 1746 indicating that he entered his appeal into the prison's legal mail system within 10 days after his sentencing. See Fed. R. App. P. 4(c)(1).

[3] Based on a total offense level of 15 and a criminal history category of II.

2

a 100:1 drug quantity ratio, whereas the penalty for an offense involving 500 grams of powder cocaine equates to that for an offense involving 5 grams of crack cocaine. Villalona proposes that no scientifically meaningful distinction exists between crack cocaine and powder cocaine to merit the harsher sentence for a crack cocaine violation. He contends that the premise for the statutory penalty – i.e., the legislature's determination that crack cocaine is a more dangerous drug than powder cocaine – is untrue. Accordingly, he asserts that sentencing him to the stricter penalty for crack cocaine violated his due process rights as guaranteed by the Fifth Amendment. See *United States v. Beler*, 20 F.3d 1428, 1432 (7th Cir. 1994) (quoting *United States v. Campbell*, 985 F.2d 341, 348 (7th Cir. 1993) ("criminal defendant has a due process right to be sentenced on the basis of reliable information.").

We continue to uphold the validity of the legislature's distinction between the two drugs. As stated by this Court:

> There is simply no force to the argument that "crack" or cocaine base is no different from [powder] "cocaine," and as a consequence Congress's decision is irrational. Crack is chemically different from [powder] cocaine. It is used differently than [powder] cocaine. Its effect upon the human body is different from that of [powder] cocaine.

*United States v. Jones*, 979 F.2d 317, 319 (3d Cir. 1992). In *United States v. Alton*, 60 F.3d 1065, 1069 (3d Cir. 1995), we continued to uphold "the constitutionality of both the federal drug statutes (21 U.S.C. § 841(b)(1) & 846) and the guideline provisions (U.S.S.G. § 2D1.1) that treat crack cocaine offenses more severely than offenses

3

involving an equal quantity of powder cocaine." Other courts have held as reliable the legislature's determination that the qualities of crack cocaine merit a distinction from powder cocaine. See *United States v. Lattimore*, 974 F.2d 971, 975 (8th Cir. 1992) (emphasizing the potency of crack cocaine, the ease with which drug dealers can carry and conceal it, its highly addictive nature, and the violence which often accompanies trade in it). See also *United States v. Buckner*, 894 F.2d 975 (8th Cir. 1990) (holding that the sentences imposed by the Sentencing Guidelines for crimes involving crack cocaine were not disproportionate to the seriousness of those offenses); *United States v. Lawrence*, 951 F.2d 751 (7th Cir. 1991) (concluding that the penalty scheme does not violate the Due Process clause and serves a national purpose).

We have held in the context of an Eighth Amendment and Equal Protection challenge that neither Congress nor the Commission stepped beyond the bounds of the Constitution in selecting the 100:1 ratio. *United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992). Similarly, the 100:1 ratio in the treatment of drug weight does not violate an offender's due process rights. There are reasonable grounds for imposing a greater punishment for offenses involving a particular weight of cocaine base than for comparable offenses involving the same weight of [powder] cocaine. *Id*. Villalona's 120-month sentence compared to the 21 to 27 months he would have received had his offense been in powder cocaine represents "approximately a 5-to-1 ratio"; a punishment disparity far shorter than the literal 100:1 drug weight ratio.

4

Based on the foregoing, we conclude Villalona's statutory mandatory minimum sentence for his crack cocaine offense does not violate his due process rights and does not compel a downward departure of his sentence. Accordingly, we will affirm the judgment of the District Court.