**LEON A. THOMAS, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 2003-151

District Court of the Virgin Islands

Division of St. Thomas and St. John

September 4, 2007

Denise Francois, Esq., St. Thomas, U.S.V.I., *Attorney for Appellant.*

MAUREEN PHELAN, AAG, St. Thomas, U.S.V.I., *Attorney for Appellee.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands;* FINCH, *Judge of the District Court of the Virgin Islands;* and STEELE, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(September 4, 2007)

Leon A. Thomas ("Thomas") appeals his conviction in the Superior Court for unauthorized possession of a firearm and ammunition.

## I. FACTS

On November 22, 2002, Thomas was arrested after officers of the Virgin Islands Police Department ("VIPD") discovered a firearm with ammunition in his vehicle. Thomas was originally charged in a ten count Information. After he pled not guilty to all ten counts on December 5, 2002, the Information was amended to include only two counts. Count One alleged the unauthorized possession of a firearm. Count Two alleged unlawful possession of ammunition.

During a two day jury trial, VIPD Officer Jose Allen, and VIPD Forensics Detective George Green ("Green") testified that a shotgun was found in the vehicle driven by Thomas at the time of his arrest. Green also testified that he found ammunition in the weapon. The weapon, ammunition, arrest report, and several pictures were introduced into evidence.

The trial court admitted into evidence certified copies of reports made by Sergeant Athenia Brown ("Brown"), and John Felicien ("Felicien"), the custodians of the Registry for the St. Thomas/St. John District, and the St. Croix District respectively, of individuals with a license to possess a firearm. These reports indicated that Thomas did not have a license to carry a firearm or ammunition on the date of his arrest. On July 15, 2003, a verdict of guilty was entered on both counts.

At sentencing, both the defense counsel and Thomas admitted that Thomas had previously been convicted of a felony. The presentence report prepared by the Superior Court of the Virgin Islands Office of Probation and Parole included information regarding his three prior felony convictions. Thomas did not challenge the presentence report.

On August 22, 2003, Thomas was sentenced to fifteen years and a $25,000 fine for Count One, pursuant to title 14, section 2253(a) of the Virgin Islands Code ("section 2253"). Section 2253(a) provided that if the offense of unauthorized possession of a firearm was committed by a felon or was committed during the commission of a crime of violence, the offender "shall be fined $25,000 and imprisoned not less than fifteen (15) years . . . ."

Additionally, Thomas was sentenced to seven years and a $10,000 fine for Count Two pursuant to title 14, section 2256(a) of the Virgin Islands Code ("section 2256"). Section 2256(a) provided that a person convicted of unauthorized possession of ammunition "shall be fined not less than $10,000 and imprisoned not less than seven years . . . ."

In an August 27, 2003, letter to the Superior Court[1] Thomas stated his intent to appeal his conviction. The letter was date stamped as received in the Superior Court on September 3, 2003,[2] and was docketed by the Superior Court on September 4, 2003.

Subsequently, the Superior Court entered a corrected judgment and commitment. While the document is dated by the judge as August 22, 2003, the notice of entry of judgment is dated September 9, 2003.

Thomas appeals his conviction arguing there was not sufficient evidence presented at trial concerning the precise model of the gun and its ammunition to find him guilty beyond a reasonable doubt. He also argues the penalties and mandatory sentences enumerated in the Virgin Islands Code are arbitrary and capricious and thus in violation of his due process and equal protection rights. Finally, Thomas asserts that the Superior Court erred by enhancing his sentence under section 2253(a) because insufficient evidence was used to trigger the enhancement provision of the statute.

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

[2] The government acknowledges the existence of this letter found in the Joint Appendix, but it argues that there is no date stamp. The date stamp was found on the back of the original letter filed in the Superior Court.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review judgments and orders of the Superior Court of the Virgin Islands in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. See Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a; V.I. CODE ANN., tit. 4, § 33 (2002).

■ The Government argues that there was no notice of appeal filed and that this Court does not have jurisdiction to review this case. "A prisoner's pro se notice of appeal is sufficient 'so long as it evidences an intention to appeal.'" *Rothman v. United States*, 508 F.2d 648, 650 n.9 (3d Cir. 1975) (citing *Fitzsimmons v. Yeager*, 391 F.2d 849, 853 (3d Cir. 1968)). Thomas' letter dated August 27, 2003, stated that he "wish[ed] to appeal [his] case to a higher court" and it set forth grounds for the appeal. [J.A. at 19.] Because Thomas' letter demonstrated an intention to appeal, the pro se notice was sufficient. This Court has jurisdiction to consider the matter at hand if the notice was timely.

A timely notice of appeal from a judgment of conviction must me made by the defendant "within ten days after the entry of the judgment of conviction . . ." V.I. R. APP. P. 5(b)(1). Virgin Islands Rule of Appellate Procedure 16(b) provides that when the time prescribed by the Rules of Appellate Procedure is "less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

Virgin Islands Rule of Appellate Procedure 5(b)(1) provides that "[a] notice of appeal filed after the announcement of a decision, sentence, or order—but before entry of the judgment or order—is treated as filed on the date of and after the entry of judgment." V.I. R. APP. P. 5(b)(1).

The earliest date at which the judgment Thomas appeals from could be considered entered would be August 22, 2003. Excluding weekends and holidays, a notice of appeal was due no later than September 5. Because the Superior Court received Thomas's notice of appeal on September 3, 2003, it was timely filed.

### B. Standard of Review

#### 1. Sufficiency of the Evidence

The standard of review for a sufficiency of the evidence claim is plenary. *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). In

determining the sufficiency of the evidence for a conviction, courts look at the evidence in the light most favorable to the Government. The jury verdict is sustained "if any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). An appellant that attempts to challenge the sufficiency of the evidence bears a heavy burden. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citing *United States v. Losada*, 674 F.2d 167, 173 (2d Cir. 1982)).

### 2. Penalties of title 14, section 2256(a) of the Virgin Islands Code

Generally, the standard for reviewing a sentence is abuse of discretion. *See, e.g., Magras v. Gov't of the V.I.*, Crim. App. No. 2000-583, 2001 U.S. Dist. LEXIS 22171, at *7-8 (D.V.I. Dec. 10, 2001) (unpublished). However, on matters of constitutional claims, such as this one, this Court's review is plenary. *See, e.g., Warner v. Gov't of the V.I.*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. 2004); *Magras*, 2001 U.S. Dist. LEXIS 22171, at *7-8; *see also United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir. 1996).

Where state actions do not infringe upon fundamental or non-fundamental rights or create a suspect class, "we will uphold the legislative classification so long as it bears a rational relationship to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996).

### 3. Enhanced Sentencing under title 14, section 2253(a) of the Virgin Islands Code

Thomas also appeals the trial court's application of the enhanced sentencing provision due to his prior felony conviction. A trial court's determination of whether a defendant's criminal history qualifies him for a sentencing enhancement is factual. *See United States v. Walterman*, 343 F.3d 938, 940 (8th Cir. 2003). Thus, we review this finding of fact for clear error. *Huggins v. Gov't of the V.I.*, 47 V.I. 619, 624 (D.V.I. 2005).

# III. ANALYSIS

## A. Sufficiency of the Evidence

### 1. Possession of "Model .30" Firearm

■ Thomas claims that because the Government did not prove the specific model of the gun that was in his possession, there was insufficient evidence for a jury to find him guilty beyond a reasonable doubt. To prove possession of a firearm in violation of section 2253(a), the Government had to show (1) that Thomas possessed a firearm; (2) that the possession was constructive, open, or concealed; and (3) that Thomas was not licensed or otherwise authorized to possess the firearm. 14 V.I.C. § 2253(a). The Government needed to prove the material elements of the crime beyond a reasonable doubt. *Parson v. Gov't of the V.I.*, 167 F. Supp. 2d 857, 860 (D.V.I. 2001). The make or model of the gun, was not a material element of this offense. *See* 14 V.I.C. § 2253(a); 23 V.I.C. § 451(d).

■ Officers Allen and Green testified regarding the discovery of the shotgun in Thomas' vehicle. The weapon was submitted into evidence. The record also included reports by Brown and Felicien that Thomas was unauthorized to possess a firearm or its ammunition. A rational trier of fact could have found proof that Thomas was guilty beyond a reasonable doubt of unlawful possession of a firearm.

### 2. Possession of "Model .30" Ammunition

■ Thomas claims that because the Government did not prove the specific type of ammunition that was in his possession, there was insufficient evidence for a jury to find him guilty beyond a reasonable doubt. In order for Thomas to have been found guilty of unlawful possession of ammunition, the Government had to prove that Thomas possessed, actually or constructively, ammunition; and that he was not licensed or otherwise authorized to possess the ammunition. 14 V.I.C. § 2256(a). As with the firearm charge, the Government did not need to prove a specific brand name or model for the ammunition. *See* 14 V.I.C. § 2256(a).

■ During the trial, Detective Green, a forensics expert, testified to the objects found with the shotgun being shell casings and shotgun rounds. Reports by Brown and Felicien confirmed that Thomas was not

authorized to possess ammunition. Viewing the evidence in the light most favorable to the Government, a reasonable juror could have found beyond a reasonable doubt that the objects accompanying the firearm were ammunition and that Thomas did not legally possess them.

## B. Constitutionality of the sentence prescribed in title 14, section 2256(a) of the Virgin Islands Code

Thomas claims that the trial court erred in sentencing him under section 2256(a). He argues the sentence is arbitrary and capricious, and that it violates of his substantive due process and equal protection rights.

■ ■ "The Equal Protection Clause of the Fourteenth Amendment commands that . . . all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). "If a legislative classification or distinction neither burdens a fundamental right nor targets a suspect class, [the court] will uphold it so long as it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. 793, 799, 117 S. Ct. 2293, 138 L. Ed. 2d 834 (1997). A "suspect class" is a group of people "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973).

Thomas asserts that persons possessing ammunition and persons possessing guns are members of a class. He argues that equal protection rights are violated when certain members of the class are sentenced under section 2253 which prescribes a sentence starting at six-months, and others are sentenced longer under section 2256(a) which has a sentence starting at seven years.[3]

■ Persons in illegal possession of firearms and ammunition do not constitute a "suspect class". *See id.* Also, Thomas' desire to be free from imprisonment is not a fundamental right similar to education, marriage, or

---

[3] At the time when Thomas was charged, section 2256(a) for a minimum sentence of seven years and a penalty of $10,000. Effective in 2005, however, the sentence for a violation of section 2256(a) became a range of one to five years and at least $5,000 (making the sentences for ammunition and gun possession similar).

procreation, "interests which represented more than just the manufactured 'right' to be free from the very punishment at issue in the core equal protection challenge." *United States v. Johnson*, 40 F.3d 436, 439 n.1, 309 U.S. App. D.C. 180 (D.C. Cir. 1994) (citing cases which found education, marriage, and procreation to be fundamental rights).

In the absence of a suspect class or an imposition on a fundamental right, this Court need only consider whether there was a rational basis for the legislative departure. *See Vacco*, 521 U.S. at 799. In *United States v. Guajardo*, the Fifth Circuit determined that under the sentencing guidelines, using prior conviction information to enhance a sentence was not a violation of the defendant's equal protection rights because there was a rational relationship between giving repeat offenders longer sentences and crime deterrence. 950 F.2d 203, 207 (5th Cir. 1991).

In cases where the firearm is possessed by a repeat offender or used in the commission of violence, the sentence for possession of a gun is more than double that for mere possession of ammunition. Reading section 2253(a) in its entirety reveals that the code prescribes a sentence of fifteen to twenty years and a fine of $25,000 when the possession of a firearm is either by a felon, or during the commission of violence. This enhanced penalty coincides with the Government's contention that in promulgating the sentences in the statute, the legislature could have been concerned with deterring violent crime, and repeat offenses. It is not unreasonable for the legislature to choose a more severe punishment for possession of ammunition than for mere possession of a firearm.

▆▆▆▆ It is possible that actual shooting with ammunition, as opposed to the mere possession of a gun, was what the legislature was trying to deter and for this reason, the sentence for mere gun possession is lower than that for possession of firearm ammunition. *See Gen. Offshore Corp. v. Farrelly*, 743 F. Supp. 1177, 1195, 25 V.I. 226 (D.V.I. 1990) ("[A]s long as the court can construct plausible reasons in support of the state action, the action passes muster." (citations omitted)); *Del. River Basin Comm'n v. Bucks County Water & Sewer Auth.*, 641 F.2d 1087, 1097 (3d Cir. 1981) (explaining that when determining rational basis for questions of violation of equal protection, the court is free to consider any conceivable purpose as long as it could have been entertained by the legislature). Because a rational purpose for the statute can be conceived, we find that the statute does not violate Thomas' equal protection rights.

■ Thomas also argues that his due process rights are violated because of the discrepancy between the minimum sentence for possession of ammunition, which is seven years, and the minimum sentence for second degree murder, which is five years. 14 V.I.C. §§ 2256(a), 923(b). The due process analysis is similar to that for equal protection. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir. 1980) (applying the same rational basis standard of review to due process and equal protection claims). "To pass muster under the principles of substantive due process, a legislative enactment must not be arbitrary and must reasonably relate to a legitimate legislative purpose." *Sunken Treasure, Inc. v. Unidentified Vessel*, 857 F. Supp. 1129, 1136, 30 V.I. 274 (D.V.I. 1994); *see also United States v. Ellefson*, 419 F.3d 859, 865-66 (8th Cir. 2005) (affirming conviction where defendant failed to demonstrate irrational basis for applying mitigating-role cap to sentences in cases concerning actual controlled substance but not in cases concerning precursor chemicals).

■ If a legitimate purpose can be found, there is no due process violation. *See Sunken Treasure, Inc.*, 857 F. Supp. at 1136. The appellant cites title 14, section 923(b) of the Virgin Islands Code to show disparity in the minimum sentences for second degree murder and possession of ammunition. While there may be discrepancies in the statutes regarding the length of sentences for two separate crimes, "fixing the limits to be imposed for a crime is a legislative function. It is the duty of the district court to impose the sentence which it regards as appropriate within the limits thus fixed . . . ." *Ruiz v. United States*, 365 F.2d 500, 502, 5 V.I. 616 (3d Cir. 1966) (citation omitted). Also, the Third Circuit has previously held that disparate sentencing is not in violation of a defendant's due process rights. *United States v. Villalona*, 139 Fed. Appx. 407 (3d Cir. 2005) (unpublished) ("The 100:1 ratio in the treatment of drug weight, in 21 U.S.C. § 841, does not violate an offender's due process rights. There are reasonable grounds for imposing a greater punishment for offenses involving . . . cocaine base than for . . . powder cocaine.") (citing *United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992)). While the appellant is correct that there is no upward sentencing limit disclosed in the statute for possession of ammunition,

> the court is without authority to impose a 'life sentence' unless the legislature provides that penalty in the statute. . . . Rather, where a statute . . . leaves open the maximum penalty which may be imposed,

579

the court is left to exercise its discretion in setting a fixed term of years appropriate to the crime and the defendant.

*Warner v. Gov't of the V.I.*, 332 F. Supp. 2d 808, 812, 46 V.I. 251 (D.V.I. 2004). Because there is a rational legislative reason for the sentencing provisions of 2256(a); to prevent actual shooting as opposed to mere gun possession, we hold that neither Thomas' equal protection or substantive due process rights have been violated.

## C. Proof of the prior conviction

 Thomas argues that the Superior Court erred by enhancing his sentence under section 2253(a). Thomas asserts there was unreliable and unverified evidence used to trigger the enhancement provision of the statute. "A sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995); *see also* FED. R. CRIM. P. 32(i)(3)(A) ("At sentencing the court may accept any undisputed portion of the presentence report as a finding of fact"); *United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000) ("[A] district court may rely on an unchallenged PSR at sentencing to find by a preponderance of the evidence that the facts underlying a sentence enhancement have been established."). Because the presentence report was not challenged by Thomas, the trial court's reliance on the report for information concerning a prior conviction was warranted. The Government supplied adequate information regarding the prior felony conviction. Accordingly, the Court finds no clear error in the trial court's finding that Thomas was eligible for the sentencing enhancement in section 2253(a) due to his status as a felon.

## IV. CONCLUSION

This Court affirms Thomas' jury verdict as there was sufficient evidence presented at trial to find him guilty beyond a reasonable doubt of unlawful possession of a firearm and ammunition. The Court will uphold Thomas' sentence because the penalties set forth in section 2256(a) do not violate his substantive due process or equal protection rights. The application of an enhanced sentence will also be upheld as the evidence presented concerning Thomas' prior felony conviction was sufficient. An appropriate judgment follows.