**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LAZON PHILLIPS, Defendant**

Crim. No. F41/2008

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

September 22, 2009

CHRISTINE D. THOMAS, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, USVI, *For the People.*

SAMUEL L. JOSEPH, ESQ., Assistant Territorial Public Defender, St. Thomas, USVI, *For the Defendant.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(September 22, 2009)

### INTRODUCTION

**THIS MATTER** came on for "Advice of Rights" at which time the Court, after finding probable cause for the crimes charged, proceeded to consider bail for the Defendant. It appearing that the statute relied upon by the people to set bail is unconstitutional on its face, the Court orally ruled as such and requested the parties to submit written briefs with respect thereto in anticipation of a written opinion.

██ Based upon the reasons set forth below, the Court finds that the apposite statute, *i.e.*, Title 16 V.I.C. § 99, denies Defendants charged with domestic violence Due Process and Equal Protection of the law in

violation of the 14th Amendment to the U.S. Constitution and is thus unconstitutional. The statute is also unconstitutional because its bail provisions are tantamount to excessive bail for indigent Defendants in violation of the 8th Amendment to the U.S. Constitution.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested and charged with Aggravated Assault and Battery (Domestic Violence), in violation of Titles 14 V.I.C. § 298 and 16 V.I.C. § 99, for allegedly assaulting his wife by throwing her on the ground and striking her with his closed fist causing serious bodily harm[1].

In considering the Defendant's bail pending trial, the People recommended that his bail be set in the amount of $5,000.00 with no 10% provision pursuant to Title 16 V.I.C. § 99(b)(2)(A). Because the statute appears on its face to violate the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution, the Court declined to follow the People's recommendation and instead ordered the Defendant's release on bail in the form of his personal recognizance pursuant to the Federal Bail Reform Act (18 U.S.C. § 3141 *et seq.*), appropriate provisions of which judges of the Court are mandated to apply in setting bail. *See*, SUPER. CT. R. 141(b).

## DISCUSSION

A. *Disparate treatment of "domestic violence" and "non-domestic violence" offenders.*

Pursuant to Title 16 V.I.C. § 91(b), "Domestic Violence" is defined as:

> The occurrence of any of the following acts, attempts or threats against a person who may be protected under this chapter pursuant to subsection (c) of this section: (1) Assault; (2) Battery; (3) Burglary; (4) Kidnapping; (5) Unlawful sexual contact; (6) Rape; (7) Forcible or unlawful entry; (8) Coercion; (9) Destruction of Property; (10) Harassment; (11) Threats; (12) False imprisonment; or (13) Stalking.

A protected person within the meaning of subsection (c) is a "victim" who is defined as "includ[ing] any person who has been subjected to domestic

---

[1]  By Order dated July 24, 2008, the matter was dismissed without prejudice.

violence by a spouse, former spouse, parent, child, or any other person related by blood or marriage, a present or former household member, a person with whom the victim has a child in common, or a person who is or has been, in a sexual or otherwise intimate relationship with the victim." Title 16 V.I.C. § 91(c).

Other than being "domestic violence" offenders, there is no difference between the crimes committed by these individuals and those committed by "non-domestic violence" offenders. As noted herein[2], however, the V.I. Legislature has determined that the former will be detained upon arrest pending their initial appearance in Court while the latter are eligible to be released on bail upon arrest pending their initial appearance in Court. Additionally, unlike the latter who are eligible for release[3] on non-monetary bail pending trial[4], the former are required to post monetary bail to ensure their appearance at trial.[5] Finally, except for the acts described in Title 16 V.I.C. § 91(b)(4) & (6), the former could be detained pending trial while the latter may not be so detained.[6]

In enacting Title 16 V.I.C. § 99, the V.I. Legislature has thus elected to treat differently persons charged with "domestic violence" and those not so charged even though the offenses constituting "domestic violence" are substantively identical to the offenses committed by those not charged with "domestic violence."

B. *The Due Process and Equal Protection Clauses of the 14th Amendment to the U.S. Constitution.*

Section 1 of the 14th Amendment to the U.S. Constitution provides, *inter alia.* that "no state Shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws," The 14th Amendment is made applicable to the Virgin islands pursuant to Section 3 of the Revised

---

[2]   *See* fn. 7.

[3]   SUPER. CT. R. 142(a) provides that "in the absence of the Judge, a person arrested and charged with a criminal offense . . . may, before his appearance before the Judge, be admitted to hail by the Clerk of the Court, and . . . the chief of police. . . ."

[4]   18 U.S.C. § 3142(a) & (b).

[5]   Title 16 V.I.C. § 99.

[6]   *See,* Title 5 V.I.C. § 3504a providing for pre-trial detention and describing the detainable offenses, *i.e.*, First Degree Murder, etc., and Title 16 V.I.C. § 99(a).

Organic Act of 1954, as amended. *See*, 48 U.S.C. § 1561; *United States v. Pollard*, 326 F.3d 397, 406, 45 V.I. 672 (3rd Cir. 2003).

■ "To pass muster under the principles of substantive due process, a legislative enactment must not be arbitrary and must reasonably relate to a legitimate legislative purpose." *Sunken Treasure, Inc. v. The Unidentified, Wrecked and Abandoned Vessel*, 857 F. Supp. 1129, 1136, 30 V.I. 274, 286 (D.V.I. 1994) citing *Lapides v. Clark*, 176 F.2d 619, 85 U.S. App. D.C. 101 (D.C., Cir.), *cert. denied*, 338 U.S. 860 (1949)); *See also, Thomas v. Government of the Virgin Islands*, 49 V.I. 569, 579 (D.V.I. App. Div. 2007). With respect to equal protection, at the minimum level, it is required that legislation classify persons it affects in a manner rationally related to legitimate governmental objectives. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S. Ct. 1074, 1080-81, 67 L. Ed. 2d 186 (1981). "The due process analysis is similar to that for equal protection." *Thomas, supra*, citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir. 1980) (applying the same rational basis standard of review to due process and equal protection claims).

## C. *The statute denies defendant Due Process and Equal Protection of the laws.*

### (i) *Applicable statute*

Title 16 V.I.C. § 99[7], provides that persons charged with domestic violence shall be denied bail upon being arrested and detained pending

---

[7]   Title 16 V.I.C. § 99 provides in pertinent part.

(a)   A person arrested for a crime that constitutes domestic violence must appear before a judge for a bail determination . . . A judge shall determine whether to grant bail or detain the defendant pending trial . . .

(b)   A person arrest for or charged with a crime that constitutes domestic violence shall be admitted to bail as follows:

(1) one thousand dollars with no 10% provision, if the defendant has no prior conviction for domestic violence, and the use or threatened use of a weapon was not involved and there is no reason to believe that the crime for which the person was arrested resulted in substantial bodily harm; or

(2) five thousand dollars and no 10% provision, if the person has:

(A) no previous conviction for domestic violence, and the use or threatened use of a weapon was not involved, but there is reason to believe that the crime for which the person was arrested resulted in substantial bodily harm; or

137

their initial appearance before a Judge. As noted heretofore, the arrest and detention of these defendants pending their initial appearance in Court is unlike other defendants who are generally allowed to post bail upon their arrest pending their initial appearance in Court.

In response to the Court's request of the parties to submit briefs regarding the constitutionality of the statute, the people submitted "the People's Motion to Have Defendant's Bail Set in Accordance with the Bail Schedule in the Virgin Islands Domestic Violence Act." In support of their Motion, the People contend that "domestic violence in the Virgin islands . . . is a major public health and safety problem that exposes the victims to great violence from batterers on the one hand and benign neglect from government [*sic*] institutions, and the greater society on the other. . . . *The bail schedule* in the Virgin Islands Domestic Violence Act *is a public safety measure designed to protect victims, and to ensure consistency in the application of bail in such cases." Id.* at 14 (emphasis added). According to the People, their contention "is supported by the preamble in the first sentence of the act that provides the legislature's reasons for passing the act: to assure *victims of domestic violence* the *maximum protection from abuse* that the law can provide. (emphasis supplied)."

The statute is codified in Chapter 2 of Title 16 V.I.C. which provides for "Remedies for Domestic Violence," Section 90 sets forth the Chapter's "Declaration of purpose" and states as follows:

(a) The general purpose of this chapter is to: (1) Assure the victims of domestic violence the maximum protection from abuse that the law

---

(B) one previous conviction for domestic violence, and the use or threatened use of a weapon was not involved, and there is no reason to believe that the crime for which the person was arrested resulted in substantial bodily harm, or

(3) fifteen thousand dollars with no 10% provision, if the person has:

(A) no previous conviction for domestic violence, but the use or threatened use of a weapon was involved; or

(B) one previous conviction for domestic violence and there is reason to believe that the crime for which the defendant was arrested resulted in substantial bodily hue; or

(C) one previous conviction for domestic violence and the use or threatened use of a weapon was involved; or

(D) the defendant has two or more conviction for domestic violence.

can provide; (2) Create a flexible and speedy remedy to discourage violence and harassment against family members or others with whom the perpetrator has continuing contact; (3) Expand the ability of the U.S. Virgin Islands Police Department and law enforcement officers to assist victims, to enforce the law effectively in cases of domestic violence, and to prevent further incidents of abuse; (4) Develop a greater understanding within the United States Virgin Islands community of the incidence and causes of domestic violence through data collection; (5) Facilitate equal enforcement of the criminal laws of the Territory by deterring and punishing violence against family members and others who are personally involved with the offenders; and (6) Recognize that battering is a serious crime which will no longer be excused or tolerated.

## (ii) *Applicable level of scrutiny.*

■ In considering whether a legislative enactment runs afoul of the Due Process and Equal Protection Clauses of the 14th Amendment, the Court must determine the applicable level of scrutiny. Three levels of scrutiny apply to any Equal Protection challenge, *i.e.* (1) "strict scrutiny," in which the Court will treat as presumptively invidious those classifications which disadvantage a suspect class or infringe upon the exercise of a fundamental right; (2) "intermediate scrutiny," which is generally used to determine the validity of laws that classify according to gender and certain other criteria and under which a law will be struck down unless it can be shown that it is substantially related to the achievement of an important governmental purpose; and (3) "rational basis test," which merely requires the statute to classify the persons it affects in a manner rationally related to a legitimate governmental objective. *Collins v. Schweitzer, Inc.*, 774 F. Supp. 1253, 1261. *aff'd* 21 F.3d 1491 (9th Cir. 1994), *cert. denied*, 513 U.S. 962, 115 S. Ct. 422, 130 L. Ed. 2d 337 (1994).

■■ Because domestic violence offenders do not comprise a suspect class, *i.e.* race, alienage, national origin, sex or quasi suspect class or impact fundamental rights[8], the statute in question is not subject to "strict

---

[8]  The right to bail is not a fundamental right. "The Supreme Court has identified only a limited number of such 'fundamental rights,' such as the right to vote, the right to travel, the

scrutiny." Nor is it subject to "intermediate scrutiny," Specifically, while at first blush the perpetrators of domestic violence are for the most part males, it is not uncommon for such persons to be female. Because perpetrators of domestic violence can be either male or female and because the statute cannot reasonably be read to classify males only as the perpetrators of domestic violence, the statute cannot be subject to "intermediate scrutiny."

■ Given the inapplicability of the first and second levels of scrutiny, the "rational basis" test must be applied in determining the constitutionality of the statute. *See Thomas, supra*, 49 V.I. at 577, citing *Vacco v. Quill*, 521 U.S. 793, 799, 117 S. Ct. 2293, 2297, 138 L. Ed. 834 (1997) ("If a legislative classification or distinction neither burdens a fundamental right nor targets a suspect class [the court] will uphold it so long as it bears a rational relationship to some legitimate end.").

### (iii) *The denial of bail pending initial appearance bears no rational relationship to any legitimate legislative purpose.*

■ None of the purposes given by the legislature for enacting Chapter 2 of Title 16 V.I.C. is achieved by denying bail to persons arrested for domestic violence offenses pending their initial appearance in court. Specifically, with respect to the first purpose, such a denial will not "assure victims of domestic violence the maximum protection from abuse that the law can provide." Title 16 V.I.C. § 90(a)(1). Even though the Defendant is in no position to harm the victim while incarcerated, there is no assurance that once the Defendant initially appears in Court and is released on bail pending trial, he will not further harm the victim pending trial or thereafter. Thus, the denial of bail upon arrest and pending initial appearance, while arguably protecting the victim from abuse pending Defendant's initial appearance, will not necessarily afford maximum protection of the victim after the Defendant's initial appearance and pending trial or thereafter. Moreover, the imposition of punishment by

---

right to privacy concerning decisions of intimacy and procreation, as well as rights expressly guaranteed by the Constitution." *United States v Edwards*, 430 A.2d 1321, 1341 (D.C. 1981), "While the history of the development of bail reveals that it is an important right, and bail in noncapital cases has traditionally been a federal statutory right, neither the historical evidence nor contemporary fundamental values implicit in the criminal justice system requires recognition of the right to bail as a 'basic human right,' which must then be construed to be of constitutional dimensions." *Id.* at 1331.

incarceration pending initial appearance is inconsistent with the presumption of innocence accorded any person accused of a crime.

With respect to the second purpose, the denial of bail upon arrest and pending initial appearance does not "create a flexible and speedy remedy to discourage violence and harassment against family members or others with whom the perpetrator has continuing contact." In the first place, there is nothing "flexible" about incarceration, even while pending initial appearance. Indeed. punishment by incarceration before trial and conviction can never be a legitimate remedy to discourage any kind of violence, but even assuming, *arguendo*, the stated purpose is legitimate, the use of an illegitimate "remedy," *i.e.* incarceration prior to initial appearance, trial and conviction, to accomplish that purpose is improper. Moreover, extending the "remedy" to "others" not victims of domestic violence as defined in Title 16 V.I.C. § 91(c) renders the purpose overly broad.

With respect to the third and fourth purposes, there could be no rational relationship between the denial of bail pending initial appearance and "expand[ing] the ability of the . . . police department and law enforcement officers to assist victims," "enforce the law effectively" in domestic violence cases and "prevent further incidents of abuse." Nor would the denial of such bail serve to "develop greater understanding within . . . the community of the incidences and causes of domestic violence." Neither would the denial of such bail "facilitate equal enforcement of the criminal laws . . . by deterring and punishing violence against family members and others . . ." Indeed, denial of such bail denies equal protection of the laws by permitting bail for non-domestic violence offenders charged with identical crimes which underlie domestic violence crimes.

The final purpose, *i.e.*, "recognize that battering is a serious crime which will no longer be excused or tolerated" can hardly be deemed to be accomplished by denying bail to domestic violence offenders pending their initial appearance in Court.

In the absence of any rational relationship between the denial of bail pending initial appearance in Court for persons charged with domestic violence and the stated purposes of the statute, the conclusion is inescapable that the statute fails to satisfy the "rational relationship" test for equal protection.

(iv) *The bail schedule for persons accused of domestic violence bears no rational relationship to the declared purposes of the statute.*

As with the lack of any rational relationship between the denial of bail pending initial appearance in Court and the declared purposes of the statute, the bail schedule for persons accused of domestic violence bears no rational relationship to the statute's declared purposes.

■ In *Stack v. Boyle*, 342 U.S. 1, 5, 72 S. Ct. 1, 4, 96 L. Ed. 3 (1951), the U.S. Supreme Court stated that "[s]ince the function of bail is limited, *the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant"*. (emphasis added).

■ The schedule requires that the Court set bail in the amount of One Thousand Dollars ($1,000,00). Five Thousand Dollars ($5,000.00), or Fifteen Thousand Dollars ($15,000.00) for a person charged with domestic violence depending on his/her domestic violence criminal history, the degree of bodily harm to the victim and whether a weapon was used or threatened to be used in committing the crime. None of these arbitrary amounts bears any rational relationship to any of the statute's declared purposes. Specifically, bail in these amounts cannot assure or enhance, victims "maximum protection from abuse" because the accused may constantly secure his/her release by posting the necessary bail amount. For he same reason, the schedule does not "create flexible and speedy remedy to discourage violence and harassment against family members or others." Neither does such bail expand the ability of the police department and law enforcement officers to assist victims enforce the law effectively and prevent further incidents of abuse, because bail is not a remedy for domestic violence, but, rather a tool to ensure the accused's appearance at trial, *Id.* Nor will any bail "develop a greater understanding within the . . . community of the incidences and causes of domestic violence through data collection." Furthermore, as with the denial of bail pending initial appearance, rather than facilitate equal enforcement of the criminal laws, the bail amounts will most assuredly ensure the denial of equal protection of the criminal laws and is irrelevant in "recogniz[ing] that battering is a serious crime which will no longer be excused or tolerated,"

In the absence of any rational relationship between setting bail for persons charged with domestic violence according to the arbitrary

amounts set forth in the statute and its declared purposes, the conclusion is warranted that the statute fails to satisfy the "rational relationship" test for equal protection.

(v) *The statute results in the unequal treatment of persons similarly situated in violation of the 14th Amendment.*

■ By requiring that persons charged with domestic violence post money bail and be subject to pre-trial detention, the legislature has deemed them ineligible for other kinds of bail including release on personal recognizance or unsecured bond.[9]

■ The Equal Protection Clause does not command that all persons be treated alike but, rather, "direct[s] that all persons similarly situated should be treated alike" *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985).

■ The test for determining whether individuals are "similarly situated" for equal protection purposes is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated, and for that purpose the relevant aspects are those formal elements which determine whether reasoned analogy supports, or demands, a like result; exact correlation is neither likely nor necessary, but the cases must be fair congeners, *i.e.*, apples should be compared to apples. *Tapalian v. Tusino,* 377 F.3d 1, 6 (1st Cir. 2004).

■ Except for their relationship to the victim, there can be no question that defendants charged with domestic violence are "similarly situated" to defendants charged with the identical crimes who are unrelated to the victims. As noted heretofore, however, distinguishing between defendants based upon their relationship to the victim for purposes of setting bail bears no rational relationship to any legitimate government purpose.

■ Moreover, as noted heretofore, substantively, the crimes constituting domestic violence are identical to those committed by non-domestic violence defendants. Clearly, when "look[ed] at objectively", "the protagonists [*i.e.* domestic violence offenders and

---

[9] Pursuant to Rule 141(c) of the Rules of the Superior Court, personal recognizance and unsecured bond are forms of bail. The Court's rules have the force and effect of law. *Tonkin v. Michael,* 349 F.Supp. 78, 82, 9 V.I. 172, (D.V.I. 1978).

non-domestic violence offenders are] similarly situated and for that purpose . . . the relevant aspects [i.e., the underlying offenses] demand[s] a like result." *Id.* Because "domestic violence" and "non-domestic violence" offenders are similarly situated, equal protection and due process require that they be accorded identical treatment. However, given their disparate treatment by the statute, with respect to incarceration pending their initial appearance, the posting of money bail to the exclusion of other forms of bail upon their initial appearance and the risk of pre-trial detention, domestic violence offenders are denied their right to due process and equal protection by the statute in violation of the 14th Amendment.

D. *The statute violates the 8th Amendment to the U.S. Constitution.*

The Eighth Amendment to the United States Constitution provides that "excessive bail shall not be required. . .".

▮ In *Stack v. Boyle, supra,* 72 S. Ct. at 3, the U.S. Supreme Court stated, *inter alia,* that:

> Federal Law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail . . . the modern practice of requiring a bail bond or *the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of the accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is excessive under the Eighth Amendment* (emphasis added).

A review of the statute on its face reveals that even as it mandates that "a person arrested for or charged with a crime that constitutes domestic violence shall be admitted to bail" based upon the scheduled amounts noted heretofore,[10] it further provides that when such a person "is released from custody before trial on bail or personal recognizance, the Court authorizing the release may . . ."[11] The statute thus appears to authorize the release of domestic violence defendants on bail as authorized by SUPER. CT. R. 141(c) which recognizes four (4) categories of bail, (1) cash bail bond, (2) surety bond, (3) unsecured bail bond and (4) personal recognizance.

---

[10] Title 16 V.I.C. § 99(b).
[11] Title 16 V.I.C. § 99(c).

In the case at bar, the Court, after determining pursuant to 18 U.S.C. § 3142(b), that Defendant was eligible for release on bail in the form of his personal recognizance, ordered his released on such bail. The People's Motion that he be released on bail in the amount of $5,000 with no 10% provision pursuant to the statute[12] must therefore be construed as seeking "additional assurance of [Defendant's] presence" at trial. However, no additional assurance was necessary to ensure Defendant's appearance at trial. Specifically, based upon the Defendant's uncontroverted testimony, the Court found that he was born in the Territory on St. Thomas, was 26 years old, had substantial ties to the Territory, was gainfully employed, and had no prior convictions. The Court, therefore, pursuant to 18 U.S.C. § 3142(b), determined that he neither posed a risk of flight nor danger to the community. Furthermore, inasmuch as the offense for which he was charged was a misdemeanor, (Aggravated Assault and Battery), his release on bail subject to appropriate conditions, including that "he shall have no unlawful contact with the victim",[13] was sufficient to ensure his appearance at Trial. Accordingly, the Court determined that it was neither necessary nor proper to require any "additional assurance of [his] presence" at trial.

Because no additional assurance was necessary to secure Defendant's appearance at trial, the amount of bail recommended by the People pursuant to the statute was, by definition, "higher than an amount reasonably calculated to fulfill this purpose" and was therefore excessive within the meaning of the 8th Amendment to the Constitution. *Stack v. Boyle, supra.*

Moreover, in *Bandy v. United States*, 81 S. Ct. 197, 198, 5 L. Ed. 218, 219 (1960), the U.S. Supreme Court noted that:

It would be unconstitutional to fix excessive bail to assure that a defendant will not gain his freedom . . . *yet in the case of an indigent defendant, the fixing of bail in even a modest amount may have the practical effect of denying him release.* . . the wrong done by denying release is not limited to the denial of freedom alone. That denial may have other consequences. In case of reversal, he will have served all or part of a sentence under an erroneous judgment. Imprisoned, a man

---

[12]    Title 16 V.I.C. § 99(b)(2)(A).

[13]    *See* "Record of Proceedings," January 28, 2008.

may have no opportunity to investigate his case, to cooperate with his counsel, to earn the money that is still necessary for the fullest use of his right to appeal. (emphasis added).

*Id.*, citing *Stack v. Boyle, supra.*

In the case at bar, the Court, based upon the Defendant's "Affidavit of Financial Status", determined that he was indigent and, pursuant to Title 5 V.I.C, § 3503(a), ordered that the Office of the Territorial Public Defender be appointed to represent him. Given the Defendant's indigency, it is clear that he would be unable to post bail in accordance with the statute as recommended by the People, thereby resulting in the den[ial] of his release and, *ergo*, the denial of his freedom and its attendant consequences. *See, Bandy, supra.*

The Court will take judicial notice that the majority of defendants charged with crimes in the Territory, including Domestic Violence, are indigent. As with the Defendant herein, many of these defendants are generally eligible for release on their personal recognizance or unsecured bond as a matter of law. *See* 18 U.S.C. § 3142(b). To the extent they are so eligible, requiring "additional assurance" that they will appear for trial in the form of the amounts set forth in the statute would similarly have the effect of denying them release and, *ergo*, their freedom in violation of the 8th Amendment. To the extent those bail amounts are deemed not to be "additional assurance" but actual assurance, they nonetheless could reasonably be deemed excessive within the meaning of the 8th Amendment with respect to indigent defendants, including those charged with domestic violence,

██ As noted by the U.S. Supreme Court in *Bandy*.

We have held that an indigent defendant is denied equal protection of the law if he is denied an appeal on equal terms with other defendants solely because of his indigency.

*Id.*, 81 S. Ct. at 197, 5 L. Ed. 2d at 219, citing *Griffin Illinois*, 351 U.S. 12, 96 S. Ct. 585, 100 L.Ed. 891 (1956). By analogy, an indigent defendant is denied due process and equal protection of the law if he is denied his freedom pending trial "on equal terms with other defendants solely because of his indigency." Continuing, the Court posed the question:

Can an indigent be denied freedom, where a wealthy man would not, because he does not happen to have enough property to pledge for his freedom?

*id.,* 81 S. Ct. at 219, 5 L. Ed. at 198.

If an indigent defendant is unable to afford to retain Counsel such that one has to be appointed to represent him/her, it is highly unlikely that he/she will be able to post bail in the form of property, *i.e.,* cash, as set forth in the statute. He/she will therefore be denied his/her freedom pending trial while a wealthy defendant similarly charged would be released into freedom pending trial.

■ Given the disparate treatment that results with respect to indigent and wealthy defendants charged with domestic violence, the statute can only be deemed to deny indigent defendants their right to due process and equal protection, especially where, as here, there is no rational basis for such treatment.

## CONCLUSION

■ When viewed in light of the foregoing, the conclusion is inescapable that Title 16 V.I.C. § 99 violates both the Due Process and Equal Protection Clauses of the 14th Amendment of the U.S. Constitution because it is arbitrary and bears no rational relationship to any of its declared purposes. Moreover, the disparate treatment visited upon defendants similarly situated by denying domestic violence Defendants bail and subjecting them to unequal bail in comparison to non-domestic violence Defendants violates the 14th Amendment. Finally, by requiring the setting of bail for indigent domestic violence offenders at fixed amounts, the statute on its face violates the 8th Amendment to the U.S. Constitution.

For all of the foregoing reasons, the statute is unconstitutional. An appropriate Order is attached.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

**ORDERED**, that the People's "Motion" to set Defendants bail in the amount of $5,000 with no 10% provision pursuant to Title 16 V.I.C. § 99 is **DENIED,** *NUNC PRO TUNC*, and it is further

147

**ORDERED**, that said statute violates the Due Process and Equal Protection Clauses of the 14th Amendment and the 8th Amendment to the United States Constitution, and is therefore unconstitutional, and it is further

**ORDERED**, that copies of this Order shall be served on Defendant, Mr. Lazon Phillips, and copies directed to Assistant Attorney General Christine Thomas and Assistant Territorial Public Defender Samuel Joseph.